UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

KEITH TAYLOR,

Defendant.

---

**INDICTMENT**

24 Cr.

24CRIM 524

## COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

1. From at least in or about January 2016 through at least in or about May 2024, in the Southern District of New York and elsewhere, KEITH TAYLOR, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TAYLOR, while acting as founder, president, and chief executive officer of a non-profit organization ("Charity-1") located in Manhattan, New York, embezzled funds from the organization and defrauded its donors by initiating wire transfers, PayPal payments, and cash withdrawals of more than $2.5 million, which TAYLOR used for his own personal expenses.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury further charges:

2.      From at least in or about June 2016 through at least in or about May 2024, in the Southern District of New York and elsewhere, KEITH TAYLOR, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, TAYLOR used the names of other persons (the "Victims"), including by falsely identifying the Victims on Charity-1's website and Internal Revenue Service ("IRS") Forms 990 as being members of a purported board of directors for Charity-1, during and in relation to the wire fraud violation charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNTS THREE THROUGH EIGHT
### (Tax Evasion)

The Grand Jury further charges:

3.      From on or about January 1 of each of the calendar years specified below, through on or about April 15 of the next calendar year, in the Southern District of New York and elsewhere, KEITH TAYLOR, the defendant, willfully and knowingly attempted to evade and defeat a substantial part of the income tax due and owing by TAYLOR to the United States of America for the calendar years specified below, by various means, including, among others: (a) using business accounts to pay personal expenses; (b) failing to file with the IRS Forms 1040, U.S. Individual Tax Returns, for the calendar years below on or about the dates required by law; and (c) failing to report taxable income to the IRS, upon which taxable income, as TAYLOR knew, there was a substantial amount of tax due and owing to the United States of America:

| Count | Calendar Year |
|---|---|
| 3 | 2017 |
| 4 | 2018 |
| 5 | 2019 |
| 6 | 2020 |
| 7 | 2021 |
| 8 | 2022 |

(Title 26, United States Code, Section 7201; and
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

4.  As a result of committing the offense alleged in Count One of this Indictment, KEITH TAYLOR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney