UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  

UNITED STATES OF AMERICA

          - v. -

KEITH TAYLOR,

          Defendant.

:    24 Cr. 524 (JLR)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

 

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

Eli J. Mark
Rebecca R. Delfiner
Assistant United States Attorneys
- Of Counsel -

The Government respectfully requests that the Court include the following in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court directed the parties to submit their proposed voir dire jointly; the Government has conferred with the defendant, who agrees with the requested voir dire unless otherwise indicated below.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. In particular, as to the case specific questions, the Government respectfully requests the Court follow-up, at side bar or the robing room where appropriate, with the questions provided herein.

## INTRODUCTION

### A. General Statement of the Case

1. This is a criminal case. The defendant on trial, KEITH TAYLOR, has been charged with the commission of federal crimes in an Indictment filed by a Grand Jury sitting in this District. The Indictment is not evidence itself, but contains charges which the Government is required to prove beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will give you a brief summary of the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

2. The Indictment contains eight counts, or "charges," that you are going to consider. The charges arise from the defendant's alleged involvement with a charity based in New York City, by the name of Modest Needs Foundation, which was also referred to as Modest Needs.

3. Count One charges the defendant with the substantive crime of wire fraud, in violation of Title 18, United States Code, Section 1343. In particular, Count One alleges that the defendant, while acting as the chief executive officer of Modest Needs, embezzled funds from Modest Need and defrauded donors to Modest Needs.

4. Count Two charges the defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A. This count alleges that the defendant used the names of other persons, including by falsely identifying them on Modest Needs's website and tax forms as being members of a purported board of directors for the charity, during and in relation to the wire fraud violation charged in Count One of this Indictment.

5. Counts Four through Eight charge the defendant with tax evasion, in violation of Title 26, United States Code, Section 7201. Specifically, these counts allege that for calendar years 2017 through 2022, the defendant evaded and avoided paying substantial taxes by failing to file tax returns and by using Modest Needs's accounts to pay for his personal expenses.

6. We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

7. With that in mind, do any of you believe you have personal knowledge of the case as I have described it? Has anyone read or heard anything about this case? If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial?

        8.        Is there anything about the nature of the charges, in and of themselves, that would interfere with your ability to fairly decide this case impartially in accordance with the instructions of the Court?

        9.        Does any of you have a problem with your hearing or vision which would prevent you from giving full attention to this trial?

        10.        Does any of you have any difficulty in reading, understanding, or speaking English?

        11.        Do you have any medical, physical, or mental condition or illness or take any medications that might interfere with your service as a juror in this case?

        12.        It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any potential juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

        13.        Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons regardless of the evidence?

        14.        Have you or any of your close friends or relatives ever been a victim of any crime?

        15.        After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case may last for approximately two weeks. Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for you to serve?

B.   **The Parties, Witnesses, and Locations**

16.   The defendant in this case is Keith Taylor.  Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Taylor, or with any relative, friend, or associate of Mr. Taylor?  To your knowledge, do any of your relatives known Mr. Taylor?

17.   Defendant Keith Taylor is represented by Brian Ketcham and Sabrina Shroff.  Does any juror know or has any juror had any dealings, directly, or indirectly, with Mr. Ketcham or Ms. Shroff?

18.   To your knowledge, do any of your friends, relatives, associates, or employers know the defendant or his attorney or anyone who works for his attorney?

19.   The United States Government is represented in this case, as in all cases brought by the Government in this District, by the United States Attorney for this District, who is Matthew Podolsky.  The conduct of this trial will be handled by Assistant United States Attorneys Eli Mark and Rebecca Delfiner.  They will be assisted by Paralegal Specialist Nandita Vasantha, Special Agent LaVale Jackson from the United States Attorney's Office and Manuel Zoquier from the Internal Revenue Service—Criminal Investigations.  Does any of you know, or have you had any dealings, directly or indirectly, with any of these people or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?

20.   Have you or your family member, friends, associates, or employers had any dealings directly or indirectly with any of the individuals I just mentioned, the United States Attorney's Office, or the Internal Revenue Service – Criminal Investigations (which is different from the part of the IRS that you deal with when paying your taxes)?

21.   During the trial, you may hear from or hear evidence about the following people or entities:

[List to be provided]

- 4 -

Does any of you personally know any of the people or entities I have just named?  Have you had any dealings either directly or indirectly with any of these individuals or entities?

22. During the trial, you may hear evidence about the following locations:

[List to be provided]

Are you familiar with any of the locations I have just named?

[*The defense has requested to see this list. The Government proposes to provide this list (and the list mentioned in paragraph 21) to the Court and the defense two weeks prior to trial, absent a different schedule set by the Court.*]

23. Does any of you, or your relatives or close friends, work in law, law enforcement, the justice system, the courts, or any correctional institution, jail or penitentiary?  In what capacity?  Has any of you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

24. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Internal Revenue Service—Criminal Investigations?

25. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

26. Do you have any opinions about the criminal justice system generally or the federal criminal justice system in particular that might make it difficult for you to be a fair and impartial juror in this case?

27. Have you, or has any member of your family, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States?  Have you had any legal,

- 5 -

financial, or other interest in the outcome of such a dispute? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the United States Government or owed by you to the United States Government?

### C. Views on Certain Evidence, Witnesses, and Investigative Techniques

28. As I previously described, during this trial you will hear evidence concerning Modest Needs, a charitable organization. Have you, any other member of your household, or a close friend or family member ever donated to Modest Needs? Have you or any close friend or family member ever received, or applied to receive, assistance from Modest Needs?

29. Have you, any other member of your household, or a close friend or family member ever worked for a charitable organization or on behalf of one?

30. Have you, any other member of your household, or a close family member ever worked as a member of the board of directors or the board of trustees of any entity?

31. Do any of you have any opinion about the IRS and/or IRS-Criminal Investigations or the enforcement of the federal tax laws? Do any of you disagree with the idea that everyone has a duty to obey the income tax laws, as well as the other laws of this country?

32. Do you have strong convictions against the filing of tax returns or the assessment and collection of federal taxes?

33. Have you, any other member of your household, or a close friend or family member ever had a dispute with the Internal Revenue Service, New York State taxing authority or any other taxing authority, or been audited by the Internal Revenue Service or the New York State taxing authority or any other taxing authority?

34. Have you, any other member of your household, or a close friend or family member ever owed money to the Internal Revenue Service or any other taxing authority?

35. The Government witnesses in this case will consist in part of law enforcement personnel. This may include, for example, members of the Internal Revenue Service-Criminal Investigations or the United States Attorney's Office, who investigated the alleged scheme. Would any of you be more or less likely to believe a witness merely because he or she is a member of a law enforcement agency or works for the Government?

36. Some of the evidence admitted at trial may come from electronic devices or email accounts that were searched pursuant to judicially authorized search warrants. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Is there anything about the fact that certain of the evidence was obtained from judicially-authorized search warrants, or that those warrants were for devices or email accounts, that would make it difficult for you to be fair and impartial in this case?

37. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

38. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

39. You may hear evidence in this trial of criminal activity committed by people other than the defendant. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### D. Individual Questions For Each Juror

40. Have you ever served as a trial juror or a grand juror in either the state or federal courts?

    (a) If so, when and in what court did you serve?

    (b) If you served as a trial juror was it in a civil or criminal case?

    (c) Without telling us what the verdict was, did you reach a verdict?

41. Have you or has a relative or close friend ever been involved or appeared as a witness or complainant at trial, or before the grand jury, or before a tax court, legislative committee, licensing authority, or governmental agency? If so, would anything about your or their experience prevent you from being fair and impartial in this case?

42. Have you, or any of your relatives or close friends, ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military? If so, would you briefly state the circumstances of such charge, investigation or accusation? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

43. Have you, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

44. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

45. Have you, or any of your relatives or close friends, ever been audited or worked for a company that has been audited by a federal, state, or local agency?

46. Have you or any members of your family or any close friends, to the best of your knowledge, had any experiences with the any agency of the United States Government

- 8 -

(including the Internal Revenue Service), or any state or local law enforcement agency, that would or could prejudice you for or against the Government?

47. Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

48. Have you ever run, helped run, been employed by, served on the board of, founded, helped fundraise for, or otherwise been involved with or acted on behalf of a charity? If yes, please describe the type of charity, the number of employees, and whether the charity is still in operation.

49. Have you ever owned, in whole or in part, operated, or otherwise controlled or been an officer of a business? If yes, please describe the type of business, the number of employees, and whether the business is still in operation.

50. Have you ever had any training or education in the law, criminal justice, or law enforcement? If yes, please explain.

### E. Basic Legal Principles

51. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty, or not guilty, as charged in the indictment, using the legal instructions I provide. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

52. Will you accept that the question of punishment, if there is a guilty verdict, is for the Court alone to decide, and that possible punishment must not enter into the deliberations of the juror as to guilt or innocence of the defendant?

53. Will you accept the law that sympathy must not enter into the deliberations of the juror as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

54. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

55. Is there any juror who feels that even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a not guilty verdict for reasons regardless of the evidence?

56. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have a doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

F. **Juror's Background**

57. The parties respectfully request that the Court ask each juror to state the following information:

(a) The juror's age;

(b) the juror's family status (including whether the juror has any children and, if so, ages of the children);

    (c)  the juror's current town of residence and length of time at the residence;

    (d)  the juror's county of residence during the past ten years;

    (e)  the educational background of the juror, including the highest degree obtained, and any degrees, licenses, or certificates obtained;

    (f)  the juror's occupation and job title;

    (g)  the name and general location of the juror's employer, and the period of employment with that employer;

    (h)  the same information concerning other employment within the last five years;

    (i)  if the juror is not currently employed and has not been employed for the last five years, the last occupation and the name of the last employer;

    (j)  if the juror is a student, where the juror attends school and what the juror is studying;

    (k)  the same employment information with respect to the juror's significant other and any working children or other member of the juror's household;

    (l)  the newspapers, magazines, television media, podcasts, and internet news sources that the juror typically reads, watches or listens to and how often;

    (m)  the television shows that the juror typically watches and/or podcasts or radio programs the juror regularly listens to;

    (n)  the juror's use of social media, including which networks or applications the juror typically uses;

    (o)  the juror's hobbies, major interests, and leisure-time activities;

(p) whether the juror is a member of any clubs or organizations; and

(q) whether the juror has served in the military.

## G. Requested Instructions Following the Impaneling of the Jury

58. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss or communicate about this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing or communicating about the case with others includes in social media, on the internet, and discussions even with members of your own family, and your friends.

59. Do not read or listen to anything touching on this case in any way. With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports about the case. You must not be influenced by anything you might hear or see outside the courtroom.

60. Do not do any research or investigation about the case or anything touching upon the case. Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

61. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

- 13 -

Dated: New York, New York
March 26, 2025

>Respectfully submitted,
>
>MATTHEW PODOLSKY
>Acting United States Attorney
>
>By:    */s/ Rebecca R. Delfiner*
>Eli J. Mark
>Rebecca R. Delfiner
>Assistant United States Attorneys
>(212) 637-2431/2427