UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              24 Cr. 524 (JLR)

KEITH TAYLOR,

Defendant.

**JOINT REQUESTS TO CHARGE**

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

Eli J. Mark
Rebecca R. Delfiner
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 24 Cr. 524 (JLR) |
| KEITH TAYLOR, | |
| Defendant. | |

## JOINT REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.   The Court directed the parties to submit their requested charges jointly; the Government has conferred with the defendant, who agrees with the requested charges unless otherwise indicated below.

# TABLE OF CONTENTS

REQUEST NO. 1 General Requests..................................................................................... 1

REQUEST NO. 2 The Indictment ..................................................................................... 2

REQUEST NO. 3 Count One: Wire Fraud The Indictment and The Statute ...................... 4

REQUEST NO. 4 Count One: Elements of Wire Fraud..................................................... 5

REQUEST NO. 5 Count One: Wire Fraud First Element – Existence of a Scheme or Artifice To Defraud ................................................................................................................... 6

REQUEST NO. 6 Count One: Wire Fraud Second Element – Participation in the Scheme with Intent To Defraud ....................................................................................................... 9

REQUEST NO. 7 Count One: Wire Fraud Third Element – Interstate Wires .................... 14

REQUEST NO. 8 Count Two: Aggravated Identity Theft The Indictment and The Statute ............ 16

REQUEST NO. 9 Count Two: Aggravated Identity Theft Elements of the Offense ........................ 17

REQUEST NO. 10 Count Two: Aggravated Identity Theft First Element – Use, Transfer, Or Possession Of Means Of Identification................................................................................ 18

REQUEST NO. 11 Count Two: Aggravated Identity Theft Second Element – In Relation To A Predicate Offense ................................................................................................................ 19

REQUEST NO. 12 Count Two: Aggravated Identity Theft Third Element – Without Lawful Authority ............................................................................................................................. 20

REQUEST NO. 13 Nature of Tax Crimes............................................................................ 21

REQUEST NO. 14 Counts Three Through Eight: Tax Evasion The Indictment and the Statute ...... 22

REQUEST NO. 15 Counts Three Through Eight: Tax Evasion Elements of the OFfense............... 23

REQUEST NO. 16 Counts Three Through Eight: Tax Evasion First Element – Tax Due ............... 24

REQUEST NO. 17 Counts Three Through Eight: Tax Evasion Second Element – Affirmative Act Constituting Evasion........................................................................................................... 27

REQUEST NO. 18 Counts Three Through Eight: Tax Evasion Third Element – Knowingly and Willfully............................................................................................................................... 29

REQUEST NO. 19 Counts Three Through Eight: Tax Evasion Unlawfully Received Income ........ 31

REQUEST NO. 20 Tax Code Instruction.............................................................................. 32

REQUEST NO. 21 Willfully Causing a Crime ..................................................................... 34

REQUEST NO. 22 Conscious Avoidance ............................................................................ 36

REQUEST NO. 23 Motive ................................................................................................... 38

REQUEST NO. 24 Venue .................................................................................................... 39

REQUEST NO. 25 Variance in Dates .................................................................................. 41

REQUEST NO. 26 Limited Evidence .................................................................................. 42

REQUEST NO. 27 Law Enforcement or Government Witnesses ......................................... 43

REQUEST NO. 28 Preparation of Witnesses ...................................................................... 44

REQUEST NO. 29 False Exculpatory Statements ............................................................... 45

REQUEST NO. 30 Particular Investigative Techniques ..................................................... 46

REQUEST NO. 31 Charts and Summaries: Admitted as Evidence .................................... 47

REQUEST NO. 32 Charts and Summaries: Not Admitted as Evidence .............................. 48

REQUEST NO. 33 Immunized Witnesses ......................................................................... 49

REQUEST NO. 34 Stipulations of Testimony .................................................................. 50

REQUEST NO. 35 Stipulations of Fact ........................................................................... 51

REQUEST NO. 36 Uncalled Witness: Equally Available To Both Sides .......................... 52

REQUEST NO. 37 Persons Not on Trial.......................................................................... 53

REQUEST NO. 38 Character Witnesses ........................................................................... 54

REQUEST NO. 39 Defendant's Testimony ...................................................................... 55

REQUEST NO. 40 Defendant's Right Not To Testify...................................................... 56

REQUEST NO. 41 Similar Acts...................................................................................... 57

REQUEST NO. 42 Punishment Is Not to Be Considered by the Jury ............................... 58

REQUEST NO. 43 Sympathy: Oath as Jurors................................................................. 59

CONCLUSION................................................................................................................ 60

**REQUEST NO.  1**
**GENERAL REQUESTS**

The Government respectfully request that the Court give its usual instructions to the jury

on the following matters:

a.    Function of Court and Jury
b.    Duty to Base Verdict on Evidence
c.    Improper Considerations
d.    Statements of Court and Counsel Not Evidence
e.    Duty to Weigh Evidence Without Prejudice
f.    Government as a Party
g.    Burden of Proof
h.    Presumption of Innocence
i.    Reasonable Doubt
j.    Direct and Circumstantial Evidence
k.    Circumstantial Evidence of Knowledge, Willfulness, and Intent
l.    Inferences
m.    Credibility of Witnesses
n.    Right to See Exhibits and Have Testimony Read During Deliberation
o.    Each Count To Be Considered Separately
p.    Redactions [if applicable]

## REQUEST NO.  2
## THE INDICTMENT

The defendant, Keith Taylor, is formally charged in an Indictment. The Indictment itself is neither evidence nor proof of a defendant's guilt. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains eight total counts.

Count One alleges that the defendant committed wire fraud in violation of Title 18, United States Code, Section 1343.    This count alleges that, through the use of interstate communications, such as text messages, emails, or phone calls, the defendant, who ran a New York-based charity, Modest Needs Foundation, carried out a scheme to embezzle funds from the charity and defraud its donors.

Count Two alleges that the defendant committed aggravated identity theft, in violation of Title 18, United States Code, Section 1028A and 2.   This count alleges that the defendant used the names of other persons, without lawful authority, during and in relation to the wire fraud scheme charged in Count One.

Counts Three through Eight allege that the defendant evaded paying a substantial part of his income tax due and owing for tax years 2017 to 2022, in violation of Title 26, United States Code, Section 7201 and 2.

[*If Indictment is provided to the Jury, the Government asks the following to be added*:

You will note that the word "and" is used between charging words in the Indictment. You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or".]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instrs. 3-1, 3-2.

*See United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995) ("[W]here there are several ways to violate a criminal statute, … federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges.").

**REQUEST NO.  3**
**COUNT ONE: WIRE FRAUD**
**THE INDICTMENT AND THE STATUTE**

Count One of the Indictment charges the defendant with violating Title 18, United States Code, Section 1343 from in or about June 2016 through at least in or about May 2024. That section provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

**REQUEST NO.  4**
**COUNT ONE: ELEMENTS OF WIRE FRAUD**

In order to prove a defendant guilty of wire fraud, the Government must establish beyond a reasonable doubt the following three elements:

*First*, that on or about the dates alleged in the Indictment, there was a scheme or artifice to defraud or to obtain money by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in the execution of that scheme, the defendant used, or caused the use by others, of interstate or foreign wires.

I will now describe each of these elements in more detail.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-3 and the charge given in *United States v. Saint Clair*, 19 Cr. 790 (PKC) (S.D.N.Y. 2022).

**REQUEST NO. 5**
**COUNT ONE: WIRE FRAUD**
**FIRST ELEMENT – EXISTENCE OF A SCHEME OR ARTIFICE TO DEFRAUD**

The first element of the crime of wire fraud is that there was a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

A statement, representation, claim, or document is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. If there is deception, the manner in which it is accomplished is immaterial. You may also find the existence of such a scheme if you find that the defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

The deceptive means that are prohibited are also not limited to active misrepresentations or lies told to the intended victim of the scheme. Just as affirmatively stating facts as true when

the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the intended victim.

The false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the defendant to do so. The Government need not prove an actual loss of money by an intended victim. Likewise, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme, or that he personally originated the scheme to defraud. What matters is whether there existed a scheme to defraud.

Furthermore, it does not matter whether the victim might have discovered the fraud had it probed further or whether the victim did discover the fraud and failed to act upon that discovery. If you find that a scheme or artifice existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-4 and the charges given in *United States v. Brend and Rodriguez*, 22 Cr. 551 (JLR), and *United States v. Tucker and Muir*, No. 16 Cr. 91 (PKC); *see United States v. Trapilo*, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted); *United States v. Thomas*, 377 F.3d 232, 242 n.7 (2d Cir. 2004) ("To prove a scheme to defraud, the Government must prove three elements: (1) the existence of the scheme, (2) fraudulent intent (including some contemplated actual harm or injury), and (3) materiality") (citation omitted).

### REQUEST NO.  6
### COUNT ONE: WIRE FRAUD
### SECOND ELEMENT – PARTICIPATION IN THE SCHEME WITH INTENT TO DEFRAUD

[*The defendant objects to the last two paragraphs of the good faith instruction. The Government responds that these paragraphs are amply supported by the law set forth in the citations below.*]

The second element of wire fraud is whether the defendant knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud. Nor is it necessary for the Government to establish that the defendant himself originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

Before a defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and also with a specific intent to defraud. To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act with intent to defraud means to act with the specific intent to deceive, for the purpose of causing some financial or property loss to another. In addition, the Government need not prove that the intent to defraud was the only intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

<u>Good Faith</u>
[*if applicable*]

Since an essential element of wire fraud is an intent to defraud, it follows that good faith on the part of a defendant is a defense to that charge. A defendant has no burden of establishing a defense of good faith. The burden is on the Government to prove fraudulent intent beyond a reasonable doubt, and proving fraudulent intent proves a lack of good faith.

Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is

not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a particular defendant, and an honest belief that all material facts have been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not the defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money or that the victim would not be harmed does not mean that the defendant acted in good faith.

No amount of honest belief on the part of the defendant you are considering that the scheme would ultimately aid others or aid the victims themselves will excuse that defendant, if the defendant had the specific intent to obtain money or property under false pretenses.

> Adapted from the charges given in *United States v. Brend and Rodriguez*, 22 Cr. 551 (JLR), *United States v. Kaloyeros*, 16 Cr. 776 (VEC), and *United States v. Gatto*, 17 Cr. 686 (LAK) (S.D.N.Y. 2018) ("[T]he government need not prove that the intent to defraud was the only intent of the defendant you are considering. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well."), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5. *See also United States v. Gotti*, 459 F.3d 296, 311 (2d Cir. 2006) ("it is the scheme itself, rather than its success, that is the required element for conviction"); *United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (per curiam) ("ultimate success" of scheme not an element); *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994) ("When the 'necessary result' of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.") (citations omitted).
>
> Willfulness is not a requirement of the wire fraud statute. *See United States v. Bynum*, No. 21 Cr. 603 (VEC) (S.D.N.Y.), Dkt. # 1149, at 1–2 (Nov. 10, 2023); *United States v. Middendorf*, No. 18 Cr. 36 (JPO),

2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019); *United States v. Novis*, No. 20 Cr. 335 (JMA), 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) (collecting cases); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998). Rather, the "specific intent required under the mail [and, therefore, wire] fraud statute is the intent to defraud … and not the intent to violate a statute." *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989).  *United States v. Stockheimer*, 157 F.3d 1082, 1088 (7th Cir. 1998) ("[A] defendant's belief in the legality of his conduct is not a defense to mail or bank fraud."); *United States v. Paradies*, 98 F.3d 1266, 1285 (11th Cir. 1996) ("In mail fraud cases, the government need only prove that the defendant had the intent to deceive, and ignorance of the law is no defense."); *United States v. Wicker*, 80 F.3d 263, 267 (8th Cir. 1996) (rejecting challenge to sufficiency of the evidence for mail fraud and noting that "[t]he critical inquiry is not whether [the defendant] intended to break the law, but, rather, whether [he] intended to defraud the [victims]"); *United States v. Hilliard*, 31 F.3d 1509, 1518 (10th Cir. 1994) (rejecting challenge to jury instructions that did not require the jury to find that the defendant acted "with a bad purpose to disobey the law").

Good faith instruction adapted from the charges given in *United States v. Saint Clair*, No. 19 Cr. 790 (PKC) (S.D.N.Y. 2022), and *United States v. Tucker & Muir*, No. 16 Cr. 91 (PKC) (S.D.N.Y. 2017). *See also United States v. Koh*, 199 F.3d 632 (2d Cir. 1999) (upholding the District Court's instruction reading, in part, "No amount of honest belief on the part of the defendant that the scheme would ultimately make a profit for investors, will excuse fraudulent actions or false representations by him to obtain money or property.")*; United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) (upholding jury instruction read, in part, "[n]o amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors, or not cause anyone harm, will excuse fraudulent actions or false representations by him or her."); *United States v. Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008) (upholding jury instruction reading, in part, "a belief of a defendant . . . that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith . . . . no amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him."); *United States v. Carlo*, 507 F.3d 799, 802 (2007) ("That Carlo wanted the funding transactions to close (because that was the only way for him to earn his fee) does not negate his intent to inflict a genuine harm on the victims by depriving them of material information necessary to determine for themselves whether to continue their development

projects, thereby continuing or increasing their exposure to the risk of the projects' failure."); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("[W]here some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will 'ultimately' be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct.").

## REQUEST NO. 7
## COUNT ONE: WIRE FRAUD
## THIRD ELEMENT – INTERSTATE WIRES

The third and final element of wire fraud is that interstate wires were used in furtherance of the scheme.

The word "wires" here is meant to include telephone calls, text messages, faxes, email communications, internet communication, radios, and television. A wire communication also includes a wire transfer of money between banks. "Interstate" just means that a wire communication passes between two or more states. The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or any request for money. It is sufficient if any interstate wire is used to further or assist in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that a defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, such as a wire transfer between banks, or a sending of email, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

In fact, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the intended victim of the fraud.

Finally, only a wire communication must be reasonably foreseeable, not its interstate component. Thus, if you find that the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied, even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from the charges given in *United States v. Brend and Rodriguez*, 22 Cr. 551 (JLR), *United States v. Gatto*, 17 Cr. 686 (LAK) (S.D.N.Y. 2019), *United States v. Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. 2019), and *United States v. Tanner*, 17 Cr. 61 (LAP) (S.D.N.Y. 2018), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-7.

**REQUEST NO. 8**
**COUNT TWO: AGGRAVATED IDENTITY THEFT**
**THE INDICTMENT AND THE STATUTE**

Count Two of the Indictment charges the defendant with aggravated identity theft, in violation of Section 1028A of Title 18 of the United States Code from in or about June 2016 through at least in or about May 2024. That section provides in relevant part:

> whoever, during and in relation to any felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of aggravated identity theft].

I instruct you that the crime charged in Count One of the Indictment—wire fraud—is a felony enumerated in Title 18, United States Code, Section 1028A(c).

**REQUEST NO. 9**
**COUNT TWO: AGGRAVATED IDENTITY THEFT**
**ELEMENTS OF THE OFFENSE**

To meet its burden of proof as to Count Two, the Government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant knowingly used, transferred, or possessed a means of identification of another person;

*Second*, that the defendant used the means of identification during and in relation to the offense charged in Count One of this Indictment; and

*Third*, that the defendant acted without lawful authority.

I will now describe each of these elements in more detail.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 39A-51 and the charge given in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018).

17

**REQUEST NO. 10**
**COUNT TWO: AGGRAVATED IDENTITY THEFT**
**FIRST ELEMENT – USE, TRANSFER, OR POSSESSION OF MEANS OF**
**IDENTIFICATION**

The first element of aggravated identity theft is that the defendant knowingly used, transferred, or possessed a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, signature, social security number, date of birth, official State or Government issued driver's license or identification number, alien registration number, United States or foreign passport number, or employer or taxpayer identification number.

In addition, the Government must prove both that the means of identification was that of an actual person (living or dead), and that the defendant knew that the means of identification was that of an actual person.

To act knowingly means to act voluntarily and intentionally and not by mistake or accident.

> Adapted from the charge as given in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 39A-52; *see also United States v. Thomas*, 763 F.3d 689, 692-93 (7th Cir. 2014); *United States v. Porter*, 745 F.3d 1035, 1040-43 (10th Cir. 2014); *United States v. Blixt*, 548 F.3d 882, 886–88 (9th Cir. 2008).

**REQUEST NO. 11**
**COUNT TWO: AGGRAVATED IDENTITY THEFT**
**SECOND ELEMENT – IN RELATION TO A PREDICATE OFFENSE**

The second element of aggravated identity theft is that the defendant used, transferred, or possessed the means of identification during and in relation to the offense charged in Count One of the Indictment, wire fraud.

That means that, if you find the defendant not guilty of Count One, you must also find him not guilty of Count Two. You should consider Count Two only if you find that the Government has proved beyond a reasonable doubt that the defendant committed the offense in Count One.

A person uses, transfers, or possesses a means of identification "in relation to" a crime if the means of identification had a purpose, role, or effect with respect to the crime. A defendant "uses" another person's means of identification "during and in relation to" another offense when the means of identification is used in a manner that is fraudulent or deceptive and this use is at the crux of what makes the underlying conduct a crime. The use of a means of identification of another person cannot merely be ancillary to what makes the conduct charged in Count One fraudulent.

> Adapted from the charge in *United States v. Martin Mizrahi*, 22 Cr. 650 (JPO) (S.D.N.Y. 2024); and from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 39A-52; *see also Dubin v. United States*, 599 U.S. 110, 131-32 (2023) ("A defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal. . . . [W]ith fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is fraudulent or deceptive."); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 15.9 (2022 ed., updated Nov. 2024) ("A means of identification is [transferred] [possessed] [used] "during and in relation to" a crime when the means of identification is [transferred] [possessed] [used] in a manner that is fraudulent or deceptive and is at the crux of what makes the conduct criminal."); *United States v. Omotayo*, --- F. 4th ----, 2025 WL 865136 at *10 n.7 (March 20, 2025) quoting with approval the post-*Dubin* revisions to the Ninth Circuit's Model Criminal Jury Instructions).

**REQUEST NO. 12**
**COUNT TWO: AGGRAVATED IDENTITY THEFT**
**THIRD ELEMENT – WITHOUT LAWFUL AUTHORITY**

The third and final element of aggravated identity theft is that the defendant acted without lawful authority.

"Lawful authority" means authorization recognized by statute or regulation. Thus, "without lawful authority" means without authorization recognized by statute or regulation.

To prove the "without lawful authority" element, the Government need not prove that the means of identification were stolen. However, proof that means of identification were stolen would satisfy the "without lawful authority" element.

"Without lawful authority" includes situations in which a defendant comes into lawful possession of identifying information and had the lawful authority to use that information for a lawful purpose, but used the information for an unlawful purpose. "Without lawful authority" also includes situations where the person whose identity was used in furtherance of a crime consented to or gave permission for that use.

> Adapted from the charges in *United States v. Martin Mizrahi*, 22 Cr. 650 (JPO) (S.D.N.Y. 2024), and *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions*, Instr. 39A-54; *see also United States v. Ivanova*, 11 Cr. 614 (VM), 2014 WL 11510255, at *5 (S.D.N.Y. Mar. 19, 2014) ("a person cannot grant to another individual 'lawful authority' to use that first person's identification to enable another individual to engage in unlawful conduct, especially in cases in which the first person knows that the second individual's purpose for the use of the identification is unlawful"); *United States v. Chalavoutis*, 18 Cr. 349, 2019 WL 6467722, at *3 (E.D.N.Y. Dec. 2, 2019) ("The case law is well-settled that the key inquiry is whether the defendant used the means of identification of another 'without lawful authority,' and that the consent of the victim has no bearing on that inquiry.").

**REQUEST NO. 13**
**NATURE OF TAX CRIMES**

Counts Three through Eight of the Indictment involve tax or tax-related crimes. As you know, the United States has a system for filing tax returns and the collection of income tax that relies on the honesty of the taxpayers. Individuals are responsible for preparing their own tax returns; for reporting their own income; and computing their own taxes. The Internal Revenue Service, known as the IRS, does not review or audit every return that is filed. The system can function successfully only if taxpayers timely, completely, and honestly report all of the income they receive and any taxes they owe and timely pay those taxes. Therefore, Congress has created criminal sanctions to assure compliance.

I instruct you that the filing of a federal income tax return is not voluntary. Individuals who have received income in excess of the minimum amount for that year, as specified in the Internal Revenue Code and regulations, are required to file federal tax returns and pay taxes imposed.

Let me tell you what this case is not about. It has nothing to do with the actual collection of any taxes that may be due the IRS. This is a criminal case. Its object, therefore, is to secure the enforcement of the laws passed by Congress that make it a federal crime to attempt to defeat or evade the payment of taxes due, or to fail to file tax returns. The issue is whether the Government has proven beyond a reasonable doubt that the defendant committed the crimes charged in the Indictment.

> Adapted from the charges given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023); *United States v. Little*, 12 Cr. 647 (PKC) (S.D.N.Y. 2018), and *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y. 2004), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 59-2. *See also Spies v. United States* 317 U.S. 492, 495 (1943).

**REQUEST NO. 14**
**COUNTS THREE THROUGH EIGHT: TAX EVASION**
**THE INDICTMENT AND THE STATUTE**

Counts Three through Eight of the Indictment charge that the defendant committed tax

evasion, in violation of Section 7201 of Title 26 of the United State Code.

That section provides as follows, in relevant part:

> Any person who willfully attempts in any manner to evade or defeat
> any tax imposed by this title or the payment thereof shall . . . be
> guilty of a [crime].

Specifically, Counts Three through Eight charge tax evasion for the six calendar years

2017, 2018, 2019, 2020, 2021, and 2022 with respect to income received in each of those calendar

years.

> Adapted from the charges given in *United States v. Wynder*, 20 Cr.
> 470 (PKC) (S.D.N.Y. 2023), and *United States v. Ray*, 20 Cr. 110
> (LJL) (S.D.N.Y. 2022).

**REQUEST NO. 15**
**COUNTS THREE THROUGH EIGHT: TAX EVASION**
**ELEMENTS OF THE OFFENSE**

To meet its burden of proof on each of Counts Three through Eight, the Government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant failed to file timely federal income tax returns for the particular year in question – 2017 through 2022 – despite owing a substantial amount of federal income tax for that year.

*Second*, that the defendant committed an affirmative act constituting tax evasion described in the Indictment, that is, the defendant used business accounts to pay personal expenses and misstated income on tax forms.

*Third*, that the defendant acted knowingly and willfully.

I will now describe each of these elements in more detail.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 59-3 and the charges given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023), and *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y. 2004)

**REQUEST NO. 16**
**COUNTS THREE THROUGH EIGHT: TAX EVASION**
**FIRST ELEMENT – TAX DUE**

*[The defense objects to the last sentence of the third paragraph, specifically "A few thousand dollars of evaded tax may in a given case be considered substantial, depending on the circumstances." The Government responds that this language is an accurate statement of the law in this Circuit, taken nearly verbatim from United States v. Nunan, 236 F.2d 576, 585 (2d Cir. 1956) ("The showing by the government must warrant a finding that the amount of the tax evaded is substantial. But this is not measured in terms of gross or net income nor by any particular percentage of the tax shown to be due and payable. All the attendant circumstances must be taken into consideration. Here the total gross income reported by appellant in 1946 was $67,823.57 and in 1950, $143,239. But a few thousand dollars of omissions of taxable income may in a given case warrant criminal prosecution, depending on the circumstances of the particular case."). It is also substantively identical to the language of the charge given in United States v. Ray, 20 Cr. 110 (LJL) (S.D.N.Y. 2022), Dkt. 540, Tr. 3037 ("A few thousand dollars of evaded tax may or may not, in a given case, be considered substantial, depending on the circumstances.").*

The first element of tax evasion is that the defendant failed to file a timely federal income tax return for the year in question despite owing a substantial amount of federal income tax for that year. As I previously instructed you and as charged in the Indictment, Count Three charges tax evasion for calendar year 2017; Count Four charges tax evasion for calendar year 2018; Count Five charges tax evasion for calendar year 2019; Count Six charges tax evasion for calendar year 2020; Count Seven charges tax evasion for calendar year 2021; and Count Eight charges tax evasion for calendar year 2022.

The Government does not have to prove the exact amount the defendant owes. Nor does the Government have to prove that all of the tax due and owing charged in the Indictment was evaded.

Whether the amount of tax due is substantial is an issue for you to decide. Substantiality is not measured in terms of gross or net income or by any particular percentage of the tax shown to be due and payable. All of the attendant circumstances must be taken into consideration. A few thousand dollars of evaded tax may in a given case may be considered substantial, depending on the circumstances.

To prove that a substantial tax was due, the Government must prove beyond a reasonable doubt two things: (1) that the taxpayer, here the defendant, received unreported income; and (2) that there was substantial tax due as a result of the receipt of that unreported income.

In reaching your decision on whether the defendant owed substantial federal income taxes for calendar years 2017 through 2022, you should consider, along with all the other evidence, the testimony and exhibits introduced during the trial concerning the computation of the taxpayer's liabilities. If you find, based on all the evidence, that the Government has established beyond a reasonable doubt that the defendant received unreported income and that, as a result of that income, there was a substantial amount of tax due and owing, then the first element is satisfied.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instrs. 59-4 and 59-5 and the charges given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023), *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022), and *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y. 2004) (instructing the jury that a defendant satisfies the first element of tax evasion if he "failed to file a timely federal income tax return for the year in question despite owing a substantial amount of federal income tax for that year."). *See also United States v. Cunningham*, 723 F.2d 217, 231 (2d Cir. 1983); *United States v. Ellett*, 527 F.3d 38, 40 (2d Cir. 2008) (deficiency must be substantial); *United States v. Helmsley*, 941 F.2d 71,84 (2d Cir. 1991) (same); *United States v. Cole*, 463 F.2d 163, 167 (2d Cir.

1972) ("Although the government may not have proved every dollar of income alleged by the indictment to have been concealed, proof of some lesser amount will sustain a verdict if, as here, it remains material").

**REQUEST NO. 17**
**COUNTS THREE THROUGH EIGHT: TAX EVASION**
**SECOND ELEMENT – AFFIRMATIVE ACT CONSTITUTING EVASION**

The second element of tax evasion is the defendant committed an affirmative act constituting an evasion, or an attempted evasion, of assessment of the tax, as described in the Indictment.

The phrase "attempt to evade or defeat" an income tax involves two things: first, the formation of an intent to evade or defeat a tax or the payment thereof; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

Counts Three through Eight allege that the defendant knew and believed that in each of the years 2017, 2018, 2019, 2020, 2021, and 2022, he had taxable income upon which there was a substantial amount of tax due and owing, and that he tried in some way to evade the assessment of a substantial portion of the tax due and owing for each of those years. Therefore, to prove these counts, the Government must prove beyond a reasonable doubt that, for each year charged, the defendant intended to evade or defeat a substantial portion of the tax due, and willfully committed some act designed to misrepresent or conceal his income from the IRS.

Now, the mere failure to do what the law requires is not an affirmative act. Thus, failing to file income tax returns and failing to pay income taxes, standing alone, are not sufficient by themselves to make out the affirmative act of attempting to evade or defeat taxes. The defendant must do something more to be guilty of tax evasion. However, you may consider the defendant's failure to file income tax returns and pay income taxes in connection with other evidence of evasion.

There are many different ways in which a tax may be evaded, or an attempt made to evade it. The statute provides that the attempt can be "in any manner." A general rule is that any conduct,

27

the likely effect of which would be to mislead or conceal for tax evasion purposes, is sufficient to establish an affirmative act of attempting to evade or defeat income taxes. The only requirement is that the defendant must take some affirmative action with that purpose in mind.

The defendant's conduct must be conduct that is likely to misrepresent or conceal income from the IRS. Even an otherwise lawful act can constitute an attempt to evade and defeat if that act is performed by the defendant with the intent to evade or defeat income tax.

With respect to each of the calendar years 2017 through 2022, the Government alleges that the defendant committed affirmative acts of evasion by arranging to receive income from business accounts to pay personal expenses for each of the given calendar years, and by misstating his actual income in Modest Needs Foundation's Forms 990.

To find the defendant guilty on Counts Three through Eight, for the count you are considering, you must all agree that the defendant committed at least one affirmative act alleged in the Indictment that constituted the attempt to evade.

> Adapted from the charges given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023) (instructing on the requirements for affirmative acts), *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022) (same), *United States v. Scali*, 16 Cr. 466 (NR) (S.D.N.Y. 2018) (same), and *United States v. Gilmartin*, 12 Cr. 287 (MGC) (S.D.N.Y. 2013) (same and instructing the jury that it may consider failure to file income tax along with other evidence of evasion). *See also* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 59-7.

REQUEST NO. 18
COUNTS THREE THROUGH EIGHT: TAX EVASION
THIRD ELEMENT – KNOWINGLY AND WILLFULLY

The third and final element of tax evasion is that the defendant acted knowingly and willfully.

To satisfy this element, the Government must prove beyond a reasonable doubt that the defendant knew that he owed a substantial amount of federal income tax for calendar years 2017 through 2022. Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason.

The Government must also prove beyond a reasonable doubt that the defendant acted willfully. A willful act in this context is defined as a voluntary and intentional violation of a known legal duty. If you find that the defendant knew he was required to file a tax return and to report his income for the years 2017 to 2022 by the appropriate deadlines, as I will instruct you, and intentionally failed to do so with the purpose of evading his duty under the tax laws, and not as a result of accident or negligence, then he would have acted willfully and satisfied this element. Thus, the Government must prove beyond a reasonable doubt that the defendant possessed the specific intent to defeat or evade the assessment of taxes that the defendant knew it was his duty to pay.

Mere negligence, even gross negligence, is not sufficient to constitute willfulness. If the defendant actually believed in good faith that he did not owe the taxes the Government claims he does, he cannot be guilty of criminal intent to evade taxes. In other words, a defendant does not act willfully if he believes in good faith that his actions comply with the law. Therefore, if you

find that the defendant honestly and genuinely believed that he owed no additional taxes for the years in question, even if that belief was unreasonable or irrational, then you should find him not guilty. However, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he held that belief in good faith.

The defendant does not have a burden to establish his good faith.    It is the Government's burden to prove that the defendant did not have a good faith misunderstanding of the law.

> Adapted from the charges as given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023), *United States v. O'Donnell*, S1 02 Cr. 411 (CM) (S.D.N.Y.), *United States v. Boykoff*, 01 Cr. 493 (CM) (S.D.N.Y.); *United States v. Gilmartin*, 12 Cr. 287 (MGC) (S.D.N.Y. 2013). *See also* from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 59-8 and the charges given in *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022) (instructing the jury that willfulness in the tax evasion charge has a different meaning than in other charges), and *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y. 2004) (same and instructing "An act, in this case we're really talking about a failure to act, is done willfully if it is a voluntary and intentional violation of a known legal duty. the defendant knew he was required to file a 1994 tax return by April 15th of 1995, and intentionally failed to do so, with the purpose of evading his duty under the tax laws, and not as a result of accident or negligence, then he would have willfully failed to file a tax return.").

**REQUEST NO. 19**
**COUNTS THREE THROUGH EIGHT: TAX EVASION**
**UNLAWFULLY RECEIVED INCOME**

In the course of your deliberations concerning the determination of whether any particular portion of the defendant's income was taxable, you should consider income that may have been illegally acquired, as well as funds that the evidence indicates have been lawfully acquired.

If you find from the evidence that the defendant received taxable income and failed to report it as the law requires, it makes no difference in determining the defendant's tax liability whether such income was lawfully or unlawfully acquired.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 59-10, and the charge as given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023).

**REQUEST NO. 20**
**TAX CODE INSTRUCTION**

[*The defense objects to this entire proposed instruction. The Government responds that the proposed instruction is an accurate statement of the law and is routinely given in tax cases.*]

To assist you in determining whether the defendant is guilty or not guilty on Counts Three through Eight, I am now going to instruct you concerning certain federal income tax filing obligations.

The law of the United States requires, and required during the relevant time frame, that a citizen or other person who lives or works in the United States to file a tax return if his or her gross income exceeded a threshold amount. The threshold amount that triggered the filing requirement for tax years 2017 through 2022 for individuals less than 65 years were no greater than the following: $10,400 for 2017, $12,000 for 2018, $12,220 for 2019, $12,400 for 2020, $12,550 for 2021, and $12,950 for 2022.

I instruct you that an individual taxpayer who is required by law to make an income tax return must file his return on or before April 15 of the year following the calendar year in question, unless the individual taxpayer obtains an extension, allowing him to file his return on or before October 15 of the year following the calendar year in question.

I further instruct you that employers are also required to pay directly to the IRS the employer's portion of the employee's Social Security and Medicare taxes. Similarly, employers must withhold from employees' paychecks and pay to the IRS the employee's share of Social Security and Medicare taxes.

The Internal Revenue Code treats all benefits received from whatever source derived as gross income. Gross income includes all income from whatever source, including income from illegal sources such as fraud and other crimes.

> Adapted from the charges given in *United States v. Wynder*, 20 Cr. 470 (PKC) (S.D.N.Y. 2023), *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022) and *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y. 2004) ("I instruct you that an individual taxpayer who is required by law to make an income tax return must file his return on or before April 15 of the year following the calendar year in question, unless the individual taxpayer obtains an extension, allowing him to file his return on or before August 15 of the year following the calendar year in question."); *id.* ("Employers are also required to pay directly to the IRS the employer's portion of the employee's Social Security and Medicare taxes. Similarly, employers must withhold from employee's paychecks and pay to the IRS the employee's share of Social Security and Medicare taxes."). *See Traficant v. C.I.R.*, 89 T.C. 501, 522 (Tax Ct. 1987) ("Gross income is all income from whatever source derived, and includes income from illegal sources . . ."), *aff'd*, 884 F.2d 258 (6th Cir. 1989); *see, e.g.*, the charge given in *United States v. Little*, 12 Cr. 647 (PKC) (S.D.N.Y. 2018) (instructing the jury on certain requirements of the federal tax code, including the filing threshold amounts); IRS Publication 501 (2017), https://www.irs.gov/pub/irs-prior/p501--2017.pdf; IRS Publication 501 (2018), https://www.irs.gov/pub/irs-prior/p501--2018.pdf; IRS Publication 501 (2019), https://www.irs.gov/pub/irs-prior/p501--2019.pdf; IRS Publication 501 (2020), https://www.irs.gov/pub/irs-prior/p501--2020.pdf; IRS Publication 501 (2021), https://www.irs.gov/pub/irs-prior/p501--2021.pdf; and IRS Publication 501 (2022), https://www.irs.gov/pub/irs-prior/p501--2022.pdf.

**REQUEST NO. 21**
**WILLFULLY CAUSING A CRIME**

There are two ways in which you may find a defendant guilty of the crimes charged in Counts One through Eight. The first way is that you may find that the defendant committed the substantive crimes charged in the Indictment. I am going to refer to that way as a claim that a defendant is guilty of a crime as what we call a "principal."

The second way is that you may find that the defendant willfully caused the commission of that crime by another person.

Federal law provides that:

> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean? It does not mean that the defendant need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant you are considering is guilty of the crime charged just as if the defendant himself had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person. Rather, the defendant can be found guilty even if he acted through

someone who has no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 11-3; *see also United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

**REQUEST NO. 22**
**CONSCIOUS AVOIDANCE**
[If Applicable]

[*The defense objects to this entire proposed instruction. The Government responds that the proposed instruction is provided to be given only if applicable.*]

I told you earlier that the defendant must have acted knowingly in order to be convicted. In determining whether the defendant acted knowingly, you may consider whether that defendant closed his eyes to what otherwise would have been obvious to him. That is what the phrase "conscious avoidance" refers to. Each of the counts in the Indictment requires the defendant to act knowingly. Conscious avoidance is one of the ways that the Government can prove that the defendant acted knowingly. You should note, however, that Counts Three through Eight also require that the Government prove that the defendant acted willfully, and conscious avoidance does not apply to that willfulness requirement. Conscious avoidance applies only to the issue of whether the defendant acted knowingly.

As I told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of criminal law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to

investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

> Adapted from the charges given in *United States v. Datta*, S1 11 Cr. 102 (LAK), and *United States v. Atilla*, S4 15 Cr. 867 (RMB) (S.D.N.Y. 2017). *See also* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-2; *United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'") (quoting *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000)); *United States v. Reyes*, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (quoting *Leary v. United States*, 395 U.S. 6, 46 n.93 (1969)); *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

**REQUEST NO. 23**
**MOTIVE**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18; and the charge given in *United States v. Gupta*, 07 Cr. 177 (DAB).

**REQUEST NO. 24**
**VENUE**

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, referred to as a "venue." You are instructed that the Southern District of New York includes, among other counties, New York County, *i.e.*, the borough of Manhattan, and Westchester County. The Government does not have to prove that the complete crime was committed within the Southern District of New York. Venue is proven if any act in furtherance of the crime you are considering occurred in the Southern District of New York, regardless of whether it was the act of the defendant or anyone else.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to Count One, which charges wire fraud, the Government must establish that any of the wire communications you found to satisfy the third element of the offense—use of interstate wires—were transmitted to, from, or through the Southern District of New York. As noted previously, this may include phone calls, email communications, faxes, or text messages.

Venue for Count Two is a little different. Because Count Two is alleged to have been committed in furtherance of the wire fraud scheme charged in Count One, if you find that the venue has been satisfied for Count One, then venue for Count Two is also satisfied. To be clear, for venue with respect to Count Two, it does not matter whether the means of identification was transferred, possessed, or used in the Southern District of New York. If you find that venue in the Southern District of New York is proper for Count One, and you find that the aggravated identity

theft charged in Count Two was committed in furtherance of the wire fraud scheme charged in Count One, then venue is satisfied for Count Two even if the means of identification was transferred, possessed, or used outside of the Southern District of New York.

As to Counts Three through Eight, the tax evasion counts, it is sufficient to establish venue if you find that the Government has proven that any act in furtherance of the offense was committed in the Southern District of New York.

Unlike the elements of the offense that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a mere preponderance of the evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-11, the charges given in *United States v. Collins & Ramirez*, 19 Cr. 395 (S.D.N.Y. 2020); *United States v. Kaloyeros*, 16 Cr. 776 (VEC); and *United States v. Dumitru*, 18 Cr. 243 (LAK). *See also United States v. Rutigliano*, 790 F.3d 389 (2d Cir. 2015); *United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991). *See United States v. Magassouba*, 619 F.3d 202, 204 (2d Cir. 2010) (holding "that venue is proper in a prosecution under 18 U.S.C. § 1028A in any district where the predicate felony offense was committed, even if the means of identification of another person was not transferred, possessed, or used in that district" and "it does not matter that [the defendant] transferred, possessed, or used [the victim's] name, date of birth, and Social Security number only [in other districts]").

**REQUEST NO. 25**
**VARIANCE IN DATES**

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the Indictment and the date established by testimony or exhibits.

> Adapted from the charge given in *United States v. Saint Clair*, 19 Cr. 790 (PKC) (S.D.N.Y. 2022), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-12.

**REQUEST NO. 26**
**LIMITED EVIDENCE**
[If Applicable]

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from S3 *Modern Federal Jury Instructions-Criminal* § 2.12.

**REQUEST NO. 27**
**LAW ENFORCEMENT OR GOVERNMENT WITNESSES**
[*If Applicable*]

You have heard the testimony of law enforcement witnesses who were involved in the investigation and prosecution of the charges. The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or Government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from the charge given in *United States v. Saint Clair*, 19 Cr. 790 (PKC) (S.D.N.Y. 2022) and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16.

**REQUEST NO. 28**
**PREPARATION OF WITNESSES**
[*If Applicable*]

You've heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. You may consider that fact when you are evaluating a witness's credibility. There is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

From the charge given in *United States v. Joseph*, 20 Cr. 603 (PKC) (S.D.N.Y. 2021).

**REQUEST NO. 29**
**FALSE EXCULPATORY STATEMENTS**
[*If Applicable*]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant attempted to exculpate himself are false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-11.

**REQUEST NO. 30**
**PARTICULAR INVESTIGATIVE TECHNIQUES**
[*If Applicable*]

You have heard references in this case that certain investigative techniques or methods of evidence collection were or were not used by the Government. You may consider these facts in deciding whether the Government has met its burden of proof, but the Government and its techniques are not on trial. There is no legal requirement that the government use any particular investigative technique to prove its case.

> Adapted from the charges given in *United States v. Joseph*, 20 Cr. 603 (PKC) (S.D.N.Y. 2021), and *United States v. Collins & Ramirez*, 19 Cr. 395 (PKC) (S.D.N.Y. 2020), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 4-4.

**REQUEST NO. 31**
**CHARTS AND SUMMARIES: ADMITTED AS EVIDENCE**
[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-12.

**REQUEST NO. 32**
**CHARTS AND SUMMARIES: NOT ADMITTED AS EVIDENCE**
[*If Applicable*]

Certain charts and summaries were used to display and organize underlying evidence that has been admitted. Those charts were prepared to illustrate the underlying evidence. However, those charts are not themselves evidence and were prepared as visual aids. It's the underlying evidence and the weight that you attribute to that evidence that gives value and significance to those charts.

> Adapted from the charge given in *United States v. Saint Clair*, 19 Cr. 790 (KPC) (S.D.N.Y. 2022), and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-13.

**REQUEST NO. 33**
**IMMUNIZED WITNESSES**
[*If Applicable*]

You've heard testimony from a witness, [*insert witness name(s)*] who testified pursuant to grant of immunity. The law permits the use of testimony from such witnesses. Indeed, such testimony, if found truthful by you, may be found sufficient in itself toward conviction of a defendant if it convinces you of that defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care after scrutinizing carefully the testimony of a witness who's testifying pursuant to an immunity order, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should consider whether the witness has had the opportunity to observe the facts he testified about, whether the witness's recollections stand up in light of the other evidence in the case. In other words, you must consider the credibility of the witness as you would any other witness.

Adapted from the charge given in *United States v. Saint Clair*, 19 Cr. 790 (KPC) (S.D.N.Y. 2022).

**REQUEST NO. 34**
**STIPULATIONS OF TESTIMONY**
[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You should accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-7.

**REQUEST NO. 35**
**STIPULATIONS OF FACT**
[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact. A stipulation

of fact is an agreement between the parties that a certain fact is true. You should regard such

agreed-upon facts as true.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-6 and the charge given in *United States v. Joseph*, 20 Cr. 603 (PKC) (S.D.N.Y. 2021).

**REQUEST NO. 36**
**UNCALLED WITNESS: EQUALLY AVAILABLE TO BOTH SIDES**
[*If Applicable*]

There are persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inference or reach any conclusion as to what they would have testified to, had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-7, and the charge given in *United States v. Saint Clair*, 19 Cr. 790 (KPC) (S.D.N.Y. 2022).

**REQUEST NO. 37**
**PERSONS NOT ON TRIAL**

You may not draw any inference, favorable or unfavorable, from the fact that any person other than the defendant is not on trial here. You may also not speculate as to the reasons why other persons are not on trial, nor may you consider the fact that the Government has charged others who are not being tried here. Those matters are wholly outside your concern, and have no bearing on your function as jurors.

> Adapted from the charges given in *United States v. Collins & Ramirez*, 19 Cr. 395 (PKC) (S.D.N.Y. 2020), and *United States v. Walters*, 16 Cr. 338 (PKC) (S.D.N.Y. 2017); *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2007).

**REQUEST NO. 38**
**CHARACTER WITNESSES**
[*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation. This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created with respect to the count you are considering, you must acquit. On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty of the count you are considering, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-15. *See United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (specifically approving charge).

**REQUEST NO. 39**
**DEFENDANT'S TESTIMONY**
[*Requested Only If the Defendant Testifies*]

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

In this case, a defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

> Adapted from the charge given in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW) (S.D.N.Y. 2015). *See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

**REQUEST NO. 40**
**DEFENDANT'S RIGHT NOT TO TESTIFY**
[*If Applicable and If Requested by the Defendant*]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any in your deliberations in the jury room.

Adapted from the charge given in *United States v. Walters*, 16 Cr. 338 (PKC) (S.D.N.Y 2017). *See* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-21.

**REQUEST NO. 41**
**SIMILAR ACTS**
[*If Applicable]*

The Government has offered evidence tending to show that on another occasion, the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

[*If Applicable*:

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.]

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts he must also have committed the acts charged in the Indictment.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26, and the charge given in in *United States v. Skelos*, No. 15 Cr. 317 (KMW) (S.D.N.Y. 2015).

57

**REQUEST NO. 42**
**PUNISHMENT IS NOT TO BE CONSIDERED BY THE JURY**

The question of possible punishment of a defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not each defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict in any way or in any sense to enter into your deliberations.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 9-1, and the charge given in *United States v. Saint Clair*, 19 Cr. 790 (PKC) (S.D.N.Y. 2022). *See Shannon v. United States*, 512 U.S. 573, 579 (1994).

## REQUEST NO. 43
## SYMPATHY: OATH AS JURORS

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in the case. You are to determine the guilt or non-guilt of a defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict. And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict. It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict. Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The just determination of this case is important to both the defendant and the Government. Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty. If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 2-12.

## CONCLUSION

When you go to the jury room, the exhibits will be loaded on a computer in your room, and you will be able to access them. You'll let me know if you're having any difficulty in that regard. Please be as specific as possible in requesting portions of the testimony. If you want any further explanation of the law as I've explained it to you, you may also request that.

Any communication with the Court should be made in writing, signed by your foreperson, and given to the court security officer outside the jury room.

As I said, I am sending a copy of the indictment in the jury room so you have it. It's merely an accusation. It is proof of nothing.

Some of you have taken notes periodically throughout this trial. Notes that any of you may have made may not be given any greater weight or influence in determination of the facts of the case than the recollection or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from the evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it's the court record, rather than any juror's notes, upon which the jury must base its determination of the facts and verdict.

It is your duty as jurors to consult with one another to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after consideration of the case with your fellow jurors. And you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your conscientiously held beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.

Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusion that in your good

conscience appears to be in accordance with the evidence and the Court's instructions on the law. Please remember you are not partisans. You are judges, judges of the facts, not representatives of a constituency or cause. If at any point you find yourselves divided, do not inform the Court how you are split. Once you have reached a verdict, do not announce what the verdict is until I ask you to do so in the courtroom.

Once you get into the jury room, you must select a foreperson who will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the court security officer during your deliberations.

This should not be understood to mean that an individual cannot send the Court a note, should the foreperson refuse to do so. After you reached a verdict, your foreperson will advise the court security officer outside your door that you've reached a verdict. The foreperson fills out one copy, signs it as foreperson, puts the date on it, puts it in an envelope, and hands it to the court security officer indicating that the envelope contains the verdict. I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Your function now is to weigh the evidence in this case and to determine whether the Government has or has not proven beyond a reasonable the guilt of the defendant with respect to the counts in the Indictment. You must base your verdict solely on the evidence or lack of evidence in this case and these instructions as to the law. I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach your verdict in accordance with the evidence and the law.

That concludes my instructions. I need to see the lawyers at sidebar for a moment, and then I will give you some further instructions.

Adapted from the charge given in *United States v. Saint Clair*, 19 Cr. 790 (PKC).

* * *

The Government respectfully reserves the right to submit additional or modified requests

at or near the close of evidence.

Dated:  New York, New York
        March 26, 2025

                              Respectfully submitted,

                              MATTHEW PODOLSKY
                              Acting United States Attorney for the
                              Southern District of New York

                   By:     /s/
                              Eli J. Mark
                              Rebecca Delfiner
                              Assistant United States Attorneys
                              (212) 637-2431/2427