UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

       v.                                          24 Cr. 524 (JLR)

KEITH TAYLOR,

            Defendant.

-------------------------------------------------------------x

## DEFENDANT'S MOTION *IN LIMINE*

Defendant Keith Taylor ("Taylor"), by and through counsel, submits his motion *in limine* to exclude "lavish lifestyle" and spending habits evidence.

## PRELIMINARY STATEMENT

The government's theory in this case is simple: Taylor embezzled money from Modest Needs Foundation ("Modest Needs" or the "Foundation"), he then spent that money on personal expenses, and then he ultimately failed to report his income from the Foundation. *See* ECF # 39 (Superseding Indictment), Counts One and Three through Eight. The government also alleges that Taylor used other people's names to create a "fake" Modest Needs board of directors and that doing so constituted aggravated identity theft. *See id.*, Count Two.

At bottom, this is a case about whether Taylor stole money and stole people's identities to help him do so. This case is not about how Taylor spent money, whether ill-gotten or not. Nevertheless, the government has noticed its intention to offer evidence that includes, *inter alia*, Taylor's purported spending on things such as caviar, fancy restaurants, an expensive apartment, pricey electronic equipment, cosmetic surgical work, escorts, and drugs.[1] This evidence has no relevance as to Taylor's guilt or innocence. Fed. R. Evid. 401, 402 ("FRE 401" and "FRE 402").

---

[1] These specific items are derived from the government's 404(b) notice letter to the defense.

This evidence also violates Rule 403 because its scant probative value is substantially outweighed by substantial risk of unfair prejudice and will both confuse and mislead the jury. Fed. R. Evid. 403 ("FRE 403").

The government has no legitimate purpose for offering this lifestyle and spending evidence. It has no bearing on whether Taylor misused the Foundation's funds, stole identities, or evaded taxes. Rather, the government's offered evidence invites the jury to convict based on improper emotional appeals and will turn this trial into a debate about the wisdom or propriety of Taylor's habits and spending. All inflammatory "lavish lifestyle" and "fancy spending" evidence should be excluded from Taylor's trial.

## ARGUMENT

### I. LIFESTYLE EVIDENCE IS IRRELEVANT UNDER FRE 401 AND FRE 402

The government's proposed lifestyle and spending evidence has absolutely no relevance on whether Taylor knowingly and intentionally schemed to defraud Modest Needs, knowingly used others' names in relation to that alleged scheme, or willfully evaded income taxes. As such, the government's proposed evidence plainly fails the relevance test of FRE 401, as it has no tendency to make any fact related to the charges "more or less probable" and it has no consequence in determining Taylor's guilt or innocence in this case. Of course, "[i]rrelvant evidence is not admissible." FRE 402.

The government has indicated in its 404(b) notice that it will claim that this evidence is probative of Taylor's motive. The government is wrong. In *United States v. Hatfield*, 685 F. Supp. 2d 320 (E.D.N.Y. 2010), the Court, surveying relevant cases, explained, "'evidence of a lavish lifestyle' is not relevant to show motive, but is probative when a defendant disputes his 'participation' in an act." *Id.* at 326 (quoting *United States v. Ewings,* 936 F.2d 903, 906 (7th Cir.

1991)). The Court in *Hatfield* also cited, among other cases, *In re Von Behren,* 314 B.R. 169, 181 (C.D. Ill. Bnkr. 2004) (alleged lavish spending on illegal, immoral or otherwise imprudent activities irrelevant"). *Id.* (quotation marks omitted).

The key point in this case is whether Taylor embezzled money from Modest Needs, not what he spent money on. If he did steal (and he did not), it does not matter if he spent the stolen money on bubble gum (as opposed to caviar) or for meals at McDonald's (as opposed to at a NYC Michelin-starred restaurant). Such "facts" have no relevance to the elements of each count charged in the Superseding Indictment and should be excluded pursuant to FRE 401 and FRE 402.

## II. LIFESTYLE EVIDENCE IS UNFAIRLY PREJUDICIAL UNDER FRE 403

Even if evidence of Taylor's spending has some scant probative value, it should be excluded because the danger of unfair prejudice substantially outweighs any minimal probative value. FRE 403. The probative value of the government's proposed lifestyle and spending evidence is minimal at best. The government has identified no evidence directly tying Taylor's spending or habits to any scheme to defraud Modest Needs or the IRS.

But the government's proposed evidence is highly (and unfairly) prejudicial. The Supreme Court has explained that unfair prejudice is the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As the advisory committee to the evidence rules further explains, "'[u]nfair prejudice within [the context of FRE 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FRE 403 (Notes of Advisory Committee on Proposed Rules).

The government's proposed lavish lifestyle and spending evidence is a blatant appeal to the jurors' emotions, especially since this case involves a charitable organization. The defense will

argue that Taylor honestly believed that, because the Foundation owed him substantial deferred compensation and loan repayments, it was not inappropriate for him to charge some personal expenses to the Foundation. That is all the jury needs to know about Taylor's spending—"*personal expenses*." If Taylor's motion *in limine* is denied, the government will be free to paint an unfair and highly prejudicial portrait of Taylor as an irresponsible big spender who indulges in things the jurors cannot relate to or afford. Indeed, details about expensive food and upscale restaurants, not to mention escorts or drugs, are guaranteed to inflame the jury's emotions and lead them to convict Taylor simply because they dislike what he chose to spend money on, his habits, and how he chose to live his life.

Lastly, the government should be precluded from introducing lifestyle evidence at trial because it will confuse the issues and waste the jury's time. The introduction of the government's proposed evidence regarding Taylor's spending will result in numerous mini trials concerning whether each expenditure can or should be traced to some misappropriation of the Foundation's funds. The government's proposed lifestyle and spending evidence will further mislead the jury into improperly considering whether the types of things Taylor spent money on somehow apply to the elements of the charged offenses. Whether one approves or disapproves of Taylor's spending habits, this trial is not about his spending habits, it is simply about whether the money was Taylor's to spend and/or whether he subjectively believed that he was entitled to spend the funds at issue.

## **CONCLUSION**

For the reasons set out herein, Taylor's motion *in limine* should be granted.

Dated: April 18, 2025

Respectfully submitted,

_/s/_
Brian P. Ketcham
KETCHAM PLLC
52 Duane Street, 7th Floor
New York, New York 10007

_/s/_
Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, NY 10004

*Attorneys for Mr. Keith Taylor*