

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

June 9, 2025

**BY EMAIL (*EX PARTE* AND UNDER SEAL)**

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Keith Taylor*, 24 Cr. 524 (JLR)

Dear Judge Rochon:

    The Government respectfully requests that the Court revoke the defendant's pretrial release at tomorrow's final pre-trial conference, due to his ongoing use of charity funds to pay for his personal expenses, in violation of the conditions of his pre-trial release.[1]

    By way of background, at the defendant's initial appearance on June 11, 2024, the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York, set bail, on consent, of a $250,000 personal recognizance bond cosigned by one financially responsible person, with additional conditions including a requirement that the defendant remove himself as a signatory on all financial accounts for the Modest Needs Foundation ("Modest Needs"), the New York-based charity that the defendant founded, operated, and from which he is charged with embezzling millions of dollars. (Dkt. 4.)

    At the initial pre-trial conference in this matter on September 6, 2024, this Court modified the terms of the defendant's release to also prohibit his continued employment at Modest Needs.[2] (Dkt. 21, at 12.) In discussing the terms of the defendant's release at the conference, the defendant, through counsel, represented to the Court that (1) he "was removed from having signature authority

---

[1] The Government has submitted this letter by email to the Court and Pretrial Services, and respectfully requests that it be received on an *ex parte* basis and be filed under seal in order to assure that the defendant will appear at tomorrow's conference. The Government intends to provide defense counsel with a hard copy of this letter in the courtroom tomorrow, upon the defendant's appearance, and will publicly file a copy of the letter on ECF after the proceeding.

[2] In its letter seeking a modification to the terms of the defendant's pre-trial release, the Government noted that Modest Needs was prohibited from soliciting charitable contributions and grants in New York, or engaging in any other charitable fundraising activities in New York, due to its canceled registration with the New York Attorney General's Charities Bureau. (Dkt. 16.)

over the foundation's bank accounts" and (2) he was "no longer employed and no longer in the operations of Modest Needs Foundation." (*Id.* at 11.)[3]

In preparing for the upcoming trial in this matter, scheduled for June 23, 2025, the Government has obtained information about Modest Needs's bank accounts and the defendant's spending in late 2024 and early 2025, while he has been on pre-trial release, which demonstrate that, in violation of his bail conditions, the defendant has continued to access Modest Needs's bank accounts since his arrest, and has continued to spend money from those accounts on his personal expenses in various ways.

*First*, the defendant has continued paying the rent for his apartment from a Modest Needs bank account. On Friday, June 6, 2025, the Government received and produced to the defendant records from Glenwood Management, the management company for the defendant's luxury apartment building. These records reflect that, since the defendant was initially arrested and charged, the defendant has made the following rent payments—totaling approximately $54,132.44—to Glenwood Management from a bank account ending in -1573, with "Modest Needs Fdn." listed as the "Payer." These records are attached as Exhibit A to this letter.

| Date | Payment Amount | Payer |
|---|---|---|
| August 16, 2024 | $3,000.00 | Modest Needs Fdn. |
| August 22, 2024 | $2,000.00 | Modest Needs Fdn. |
| November 11, 2024 | $6,939.61 | Modest Needs Fdn. |
| December 7, 2024 | $6,939.61 | Modest Needs Fdn. |
| January 2, 2025 | $6,939.61 | Modest Needs Fdn. |
| January 16, 2025 | $6,939.61 | Modest Needs Fdn. |
| March 3, 2025 | $6,939.61 | Modest Needs Fdn. |
| April 2, 2025 | $6,939.61 | Modest Needs Fdn. |
| May 6, 2025 | $4,000.00 | Modest Needs Fdn. |
| May 29, 2025 | $3,494.78 | Modest Needs Fdn. |

The account number and listed payer match a Modest Needs bank account with Bank of America that the Government had previously identified. The signature card for that account, reflecting that

---

[3] The defendant did not provide documentary evidence supporting his representation that he was removed from these accounts as a signatory.

it is a Modest Needs account and not one of the defendant's personal accounts, is attached as Exhibit B.[4]

*Second*, the Government recently obtained records for a BlueVine bank account in the name of Modest Needs (the "BlueVine Modest Needs Account"), for the period of May 2022 to December 2024. These records are attached as Exhibit C. These records reflect no disbursements from this account between June and October 2024. However, starting in November 2024, these records reflect a variety of apparently personal expenses totaling more than $6,000.00, including payments to Seamless, Instacart and Uber; payments to defense counsel in this matter; payments to Arrow Pharmacy; payments to restaurants; and wire transfers to "KPT," which are the defendant's initials.

Records recently obtained by the Government demonstrate that the defendant retained control of the BlueVine Modest Needs Account after he was arrested and charged and continued to use it on his personal expenses in violation of his bail conditions. IP access logs provided by BlueVine, attached as Exhibit D, reflect that user "Keith Taylor," using user email keith.taylor@modestneeds.org, logged into the BlueVine Modest Needs Account regularly in December 2024. Moreover, the payments made from the BlueVine Modest Needs Account in December 2024 appear to be for the benefit of the defendant. For example, the BlueVine Modest Needs Account made a payment of $55.70 to Arrow Pharmacy which posted on December 14, 2024. (Ex. C, at p. 74.) Records from Arrow Pharmacy, attached as Exhibit E, reflect that this payment was for the defendant's personal account at Arrow Pharmacy. (Ex. E, at p. 9-10 (reflecting a payment by the defendant of $55.70 on December 13, 2024).) The access logs and the payments for the defendant's benefit, combined with the transfers from the BlueVine Modest Needs Account to "KPT" and to defense counsel in this matter, confirm that the defendant remains in control of the BlueVine Modest Needs Account, and is continuing to use it for his personal benefit.

The financial records the Government has recently obtained also reflect that Modest Needs has continued to receive charitable contributions in the time since the defendant's arrest in June 2024. As noted in the Government's prior letter, Modest Needs's continued solicitation of donations is in violation of New York State law (Dkt. 16), and they also appear to be in violation of California law. Nonetheless, Modest Needs's website has continued to be live during the pendency of this matter, and it remains possible for donors to donate to Modest Needs at this time (and in fact, the website reflects donors have continued to donate regularly).

"Under 18 U.S.C. § 3148(b), the district court shall revoke a defendant's pretrial release if 'there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community,' § 3148(b)(2)(A), and the court finds either '(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release,' § 3148(b)(1)." *United States v. Aldrich*, 114 F. App'x 19, 20 (2d Cir. 2004) (upholding revocation of pretrial release where the Government presented

---

[4] The signature card attached as Exhibit B is a signature card from 2023, before the defendant was charged in this case.

evidence that the defendant was continuing to commit the charged offense while on pretrial release).

"Potential danger to any person or the community includes the risk that a defendant might cause financial or economic harm if granted pretrial release." *United States v. Gulkarov*, No. 22 CR. 20 (PGG), 2022 WL 205252, at *3 (S.D.N.Y. Jan. 24, 2022). This defendant presents a significant risk of economic danger to the community because (1) there is probable cause that the defendant has continued to commit the charged crime while on bail, by continuing to defraud donors to Modest Needs by spending money donated to the charity on his personal expenses, and (2) there is clear and convincing evidence that the defendant has violated the conditions of his release by retaining control over Modest Needs's bank accounts, and there are no additional conditions that can reasonably assure the safety of the community. *See, e.g.*, *United States v. Kwok*, No. 23 Cr. 118 (AT), 2024 WL 54170, at *5 (S.D.N.Y. Jan. 4, 2024) (denying a motion for pretrial release where the defendant "has continued to promote fraudulent investment opportunities to his followers").

The Government has conferred with Pretrial Services, which agrees, in light of the defendant's conduct since his arrest, that there are no additional conditions which can reasonably mitigate the risk of the defendant continuing to violate the current conditions of his bail.

The Government respectfully requests that the Court revoke the defendant's pretrial release due to his ongoing fraud on Modest Needs's donors, and the violation of his terms of pretrial release.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s/ Rebecca R. Delfiner
Eli J. Mark
Rebecca R. Delfiner
James Mandilk
Assistant United States Attorneys
(212) 637-2431 / 2427 / 2453

Enclosures

cc:   U.S. Pretrial Services Officer Steve Boose (via email)