BRIAN P. KETCHAM, ESQ.
52 DUANE STREET, 7TH FLOOR
NEW YORK, NEW YORK 10007
(212) 518.6380
WWW.KETCHAMPLLC.COM

July 17, 2025

BY ECF

Hon. Jennifer L. Rochon
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Keith Taylor*
              24-cr-00524 (JLR)

Dear Judge Rochon:

We represent defendant Keith Taylor and write in accordance with the Court's Order of July 15 to provide notice to the Court and to the government regarding the scope of testimony/evidence that Mr. Taylor intends to present at trial regarding the presence or involvement of lawyers and the basis for that evidence's relevance. *See* Order, July 15, 2025 (ECF # 63).

Scope of Testimony and/or Evidence

Mr. Taylor intends to offer evidence/testimony that he attempted to come into tax filing compliance in or about September 2019. At that time Mr. Taylor was represented by a tax attorney in connection with prior IRS audits and litigation before the U.S. Tax Court and he relied on that attorney for tax advice. On September 23, 2019, Mr. Taylor sent an email to his tax attorney and provided draft tax returns that Mr. Taylor had prepared. In that email (which has been produced to the government pursuant to Fed. R. Crim. P. 16(b)), Mr. Taylor noted, among other things, that the attorney had "asked [Taylor] to send these to [the attorney] before [Taylor] actually mailed them" and requested that the attorney "[p]lease let [Taylor] know when [the returns are] OK to mail, and [Taylor will] send them immediately." The attorney will testify that he received this email but has no record that he responded to the email, has no recollection that he discussed the draft tax returns with Mr. Taylor, and did not record any time entries reflecting that he addressed the draft tax returns. The draft tax returns reflected $0 tax due and owning for 2017 and 2018.

Relevance

The defense submits that the evidence and/or testimony described above is relevant to Mr. Taylor's state of mind and his good faith attempts to come into tax filing compliance for 2017

and 2018, years for which Mr. Taylor is charged with tax evasion.  *See* Superseding Indictment (ECF # 39), Counts Three and Four.  The government is required to prove that Mr. Taylor "willfully and knowingly attempted to evade and defeat a substantial part of the income tax due and owing" for 2017 and 2018 and that "there was a substantial amount of tax due and owing" for these years.  *See id.* ¶ 3; *see also* 26 U.S.C. § 7201; *United States v. DiPetto*, 936 F.2d 96, 97 (2d Cir. 1991) (elements of tax evasion include "willfulness" and "the existence of a tax deficiency") (quoting *Sansone v. United States*, 380 U.S. 343, 351 (1965)).

The evidence and/or testimony described above will refute the government's theory that Mr. Taylor acted willfully because the draft tax returns demonstrate his attempt to report his taxes to the IRS and because the draft tax returns, and his email to his tax attorney, reflect that Mr. Taylor believed there was no tax due for 2017 and 2018.  Notably, draft tax returns subsequently prepared by a certified public accountant (which have also been produced to the government) similarly reflected no tax due for 2017 and 2018.  Therefore, this evidence/testimony is relevant regarding the willfulness and substantial tax due elements under 26 U.S.C. § 7201 for calendar years 2017 and 2018.

***

The defense does not know the specific testimony and/or evidence that the government will offer at trial.  Accordingly, Mr. Taylor reserves his rights to modify his position regarding the presence or involvement of lawyers depending on developments at trial.

                                            Respectfully submitted,

                                            */s/Brian P. Ketcham*
                                            */s/Sabrina P. Shroff*
                                            Counsel for Defendant Keith Taylor

Cc:   AUSAs Eli Mark, Rebecca Delfiner, James Mandilk (via ECF)