**Law Office of Evan L. Lipton, P.C.**
**224 West 30th Street #302**
**New York, New York 10001**
**ell@evanliptonlaw.com**
**(917) 924-9800**

October 26, 2026

*By ECF*

Hon. Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re: *United States v. Keith Taylor*, S2 24 Cr. 524 (JLR)**

Dear Judge Rochon:

I write briefly in reply to the Government's sentencing submission (Dkt. 119, "Gov't") and to correct one statement in Mr. Taylor's submission (Dkt. 116).[1]

**1. Correction**

Mr. Taylor's submission states that he earned his doctorate summa cum laude. (Dkt. 116 at 1, 4.) That statement relied on PSR ¶ 99, which reports that he received his Ph.D. "summa cum laude with a 3.97 GPA (verified with college transcripts)." The Government reports that the University of Tennessee does not award Latin honors on doctorates and that the transcript information Probation received reflects none. (Gov't at 2 n.1.) The reference is withdrawn. Mr. Taylor asks that PSR ¶ 99 be corrected to delete it.

**2. The Guidelines**

*Acceptance.* Counsel does not seek the reduction under U.S.S.G. § 3E1.1. Mr. Taylor maintains the position stated in his motion to withdraw his plea (Dkt. 116 at 2), and he understands that position is inconsistent with the reduction.

*Obstruction.* Mr. Taylor objects to the two-level enhancement under § 3C1.1. (Gov't at 11.)

- The November 2025 statement to Probation (PSR ¶ 55) was not made under oath. The commentary is explicit that § 3C1.1 "is not intended to punish a defendant for the exercise

[1] Citations to Exhibit A use that exhibit's internal pagination ("Page X of 291"). Mr. Taylor continues to preserve the rights described in Dkt. 116 at 2 n.1.

of a constitutional right," and that a defendant's denial of guilt, other than a denial under oath that constitutes perjury, is not a basis for the enhancement. U.S.S.G. § 3C1.1 cmt. n.2.

- The affirmation in support of the motion to withdraw (Dkt. 105 ¶ 3), although sworn, is not a basis for the enhancement. Paragraph 3 describes Mr. Taylor's own understanding of his intent and of the funds he received. It was submitted through counsel in support of a motion the Rules permit. The Court's rejection of that motion is not a finding that he testified falsely with willful intent. Not all inaccurate testimony "necessarily reflect[s] a willful attempt to obstruct justice." § 3C1.1 cmt. n.2. The Government cites no decision applying § 3C1.1 to an affidavit filed in support of a motion to withdraw a plea, and none of the acceptance decisions it relies on (*Hirsch*, *Hill*, *Kumar*, *Razzouk*) imposed the enhancement on that basis.

*No ruling is needed.* The Government recommends a sentence within the stipulated range and agrees the Court need not resolve whether a higher range applies. (Gov't at 10 (citing *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005) (holding the court need not choose between two ranges when it would impose the same sentence under either)).) Mr. Taylor agrees, and asks the Court to determine under Fed. R. Crim. P. 32(i)(3)(B) that a ruling on § 3C1.1 is unnecessary.

### 3. The Government's Request Exceeds What Is Necessary

The Government describes 108 months as a "substantial" downward variance. (Gov't at 1, 14.) It is a variance only from a range that depends on the contested obstruction enhancement. Measured against the range the parties stipulated, it is the top. The Government's own authorities show that a sentence well below it would be sufficient.

- *Tax offenses.* The Government relies on *United States v. Zukerman*, 897 F.3d 423 (2d Cir. 2018), for the seriousness of tax crimes. (Gov't at 12–13.) Zukerman pleaded guilty to tax evasion and to corruptly endeavoring to obstruct the administration of the internal revenue laws, in a scheme that spanned fifteen years and carried $37 million in restitution. He was sentenced to 70 months, the bottom of a stipulated range of 70 to 87, and the district court found a sentence at the higher end unnecessary for specific deterrence. *Id.* at 427, 430 n.2 (affirming). The tax loss here is $1,404,893. (Gov't at 16.)
- *General deterrence and just punishment.* The Government quotes *United States v. Gupta*, 904 F. Supp. 2d 349, 355 (S.D.N.Y. 2012), for the need for "meaningful punishment." (Gov't at 12.) That language accompanied a sentence of 24 months, imposed after trial on a Guidelines range of 78 to 97 months. The court concluded that "a relatively modest prison term should be 'sufficient, but not more than necessary,'" for general deterrence, *id.* at 355, and criticized fraud ranges driven by loss, *id.* at 351.
- *Disparity.* The Government says the JSIN data for Mr. Taylor's cell do not account for aggravating factors. (Gov't at 15.) The data are keyed to the final offense level and criminal history category, so they already reflect every enhancement stipulated here. The Government's own authority identifies this comparison as the central one: "Our central concern with disparities is between what the defendant was given and what is done

nationally with defendants in the same circumstances." *United States v. Mueffelman*, 470 F.3d 33, 40 (1st Cir. 2006) (affirming a 27-month fraud sentence).

- *Protection of the public.* The Government distinguishes *United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009), because there is "no legal bar" to Mr. Taylor running a charity, and quotes the finding there as concerning service "in an individual capacity." (Gov't at 15.) The finding concerned service "in an official capacity," a practical assessment to which the Circuit deferred. *Stewart*, 590 F.3d at 141 (holding it was not error to consider whether the defendant would be in a position to commit the offense again). No legal bar was required. In any event, Mr. Taylor consents to one, as set out below.

**4. Special Condition of Supervised Release**

Mr. Taylor consents to a special condition prohibiting him, during supervised release, from serving as an officer, director, trustee, or employee with authority over funds of any charitable or nonprofit organization, and from soliciting charitable contributions, without the prior approval of the Probation Office.

**5. Victim Statements**

Counsel does not challenge the statements of the donors or of Ms. Ng, objects only to the following, and asks the Court not to rely on them. *See* U.S.S.G. § 6A1.3(a) (information considered at sentencing must have "sufficient indicia of reliability to support its probable accuracy").

- Exhibit B (Aris): allegations about workplace conduct in 2007 and 2008, outside the charged period and unrelated to the offense conduct. The writer does not describe harm from the offenses of conviction and is not a "crime victim" within 18 U.S.C. § 3771(e)(2)(A).
- Exhibit B (McDevitt): an offer of information that refers to a recording and emails that have not been produced. To the extent the Government relies on them, Mr. Taylor asks that they be produced or disregarded.
- Exhibit A at 266 (Wagner): an allegation of identity theft and extortion that has no connection to the offense conduct and no support in the record.

For these reasons and those in Mr. Taylor's submission, I respectfully ask the Court to show Mr. Taylor leniency and to impose a sentence substantially below both the bottom of the stipulated range and the 87 months Probation recommends.

Respectfully submitted,

Evan L. Lipton
Counsel for Keith Taylor

cc: Gov't Counsel (by ECF); USPO Jill Spitalieri (by email)